UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL J. BARRON,

        Petitioner,                      Case Number: 04-CV-73788

v.                                                HON. GEORGE CARAM STEEH

PAUL RENICO,

        Respondent.
_____/

**OPINION AND ORDER DENYING MOTION FOR CERTIFICATE
OF APPEALABILITY AND GRANTING APPLICATION TO PROCEED
*IN FORMA PAUPERIS* ON APPEAL**

Petitioner Daniel J. Barron filed a *pro se* petition for a writ of habeas corpus. On June 13, 2006, the Court issued an Opinion and Order Denying Petition for Writ of Habeas Corpus. Petitioner has filed a Motion for Certificate of Appealability and Application to Proceed *In Forma Pauperis* on Appeal.

Before Petitioner can appeal the Court's decision, a certificate of appealability under 28 U.S.C. § § 2254(c)(1)(A) and Fed. R. App. P. 22(b) must issue. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the petition is dismissed on procedural grounds, the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve

encouragement to proceed further.'" Id. (quoting Barefoot v. Estelle, 463 U.S. 890, 898 n.4 (1983)).

Petitioner presented three claims for habeas corpus relief.  First, Petitioner argued that insufficient evidence was presented to support his felony-murder conviction.  The Court held that the Michigan Court of Appeals' decision that sufficient evidence was presented to sustain his conviction was neither contrary to nor or an unreasonable application of clearly established federal law.  The Court of Appeals described the facts in light of the elements of the crime and explained and supported its conclusion that a rational trier of fact could have found Petitioner guilty beyond a reasonable doubt.  Petitioner did not present any new evidence to show that the state court's findings of fact were erroneous.  Therefore, the Court denied habeas relief.

Petitioner next claimed that his attorney was ineffective in failing to object to the testimony of forensic scientist Charles Barna, who testified regarding a report prepared by forensic scientist Sarah Thibaut.  The Court held that Petitioner failed to show that Barna's testimony was objectionable and held that Petitioner's attorney effectively cross-examined Barna.  Therefore, the Court held that Petitioner failed to establish ineffective assistance of counsel.

Third, Petitioner argued that the trial court erred in denying his motion for separate trial, motion for substitute counsel, and request for jury instructions on abandonment and gang evidence.  With respect to the separate trial claim, the Michigan Court of Appeals held that the trial court did not err in denying Petitioner's motion.  The state court based its decision on the following: while the trial court denied the motion for a separate trial, it gave each defendant a separate jury; Petitioner was not prevented from admitting any exculpatory evidence by virtue of

the joint trials; and defendants did not present antagonistic, mutually exclusive defenses. Petitioner did not establish that the state court's determination was contrary to or an unreasonable application of Supreme Court precedent. The Court, therefore, denied Petitioner habeas corpus relief with respect to this claim.

With respect to the substitute counsel claim, the Michigan Court of Appeals held that Petitioner failed to show that appointment of substitute counsel was necessary. In his habeas petition, other than a conclusory assertion that he and his attorney suffered a breakdown of the attorney-client relationship and disagreed about the appropriate defense strategy, Petitioner failed to provide any specific reason why he was entitled to substitute counsel. Thus, the Court found Petitioner's conclusory argument insufficient to establish that the state court's finding was contrary to or an unreasonable application of Supreme Court precedent.

Finally, Petitioner argued that the trial court erred in denying his request for a jury instruction on abandonment and gang evidence. The Michigan Court of Appeals held that the trial court did not err in declining to give an abandonment instruction because the evidence did not support such an instruction and that the trial court's general instruction about the consideration of other bad acts evidence was sufficient to caution the jury that evidence that Petitioner was in a gang should not impact its determination of his guilt. Petitioner has failed to show that the state court's decision was contrary to or an unreasonable application of Supreme Court precedent, or that the trial court's failure to instruct the jury on abandonment or gang evidence so infected the entire trial as to result in a due process violation. Therefore, the Court denied relief on these claims.

The Court finds that jurists of reason would not find the Court's assessment of the

3

foregoing claims to be debatable or wrong.  *See* Slack, 120 S. Ct. at 1604.  Therefore, Petitioner has failed to show that he is entitled to a certificate of appealability.

Also before the Court is Petitioner's Motion to Proceed *In Forma Pauperis* on Appeal. Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court.  An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith.  28 U.S.C. § 1915(a)(3).  "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith."  U.S. v. Cahill-Masching, 2002 WL 15701, * 3 (N.D. Ill. Jan. 4, 2002).  "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit."  Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000).  While the Court held that jurists of reason would not find the Court's assessment of the claims presented in Petitioner's habeas corpus petition to be debatable or wrong, the Court finds that an appeal may be taken in good faith.  The Court, therefore, shall grant the Motion to Proceed *In Forma Pauperis* on Appeal.

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Petitioner's Request for Certificate of Appealability is **DENIED** and his Motion to Proceed *In Forma Pauperis* on Appeal is **GRANTED**.

Dated:  July 26, 2006

            S/George Caram Steeh
            GEORGE CARAM STEEH
            UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon attorneys of record on July 26, 2006, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk